Johnston, Chancellor.
In this case, it is the opinion of the Court, that the circuit decree upon the first exception was correct.
In offering any thing further in support of that decision, it" might be sufficient to refer to the opinion delivered by Mr. Justice Butler, at the last December Term of the late Court of Appeals, in the case of Pitts v. Wicker; in which every judge present, eight in number, including every chancellor, concurred.
The argument on the present occasion is, that the circuit decree is inconsistent with the principles upon which the Chancellor who pronounced it, professes to place it. That the Chancellor evidently acted upon the maxim that equity will regard that as done, which should have been done. But that admitting this principle to be true, it was not correctly applied to the case : for that although in virtue of the maxim, it might be correct to assume that a bond and mortgage had been executed by Mr. *6591 Gray i Jet that he *had a right to pay the money even before it J was due: that if he had paid the money to the Commissioner, he thereby extinguished the wife’s interest in the bond. That the fund thus paid in, became thenceforth the exclusive legal property of the husband; which he urns under no necessity to ask the aid of the Court to obtain.
Passing by the obvious remark that whatever right Mr. Gray might have to make payment in anticipation he never in fact made any payment, let us suppose that he did pay the purchase-money to the Commissioner’. The question then is, had he a legal unqualified right to the money thus paid in.
The case of Hood v. Archer, cited by Mr. Justice Butler, is in point, to show that he had no such right. In that case, the wife’s inheritance was sold by the sheriff. The purchaser paid over the price to the sheriff. The wife then died : and the question was, whether the money belonged to the husband, by virtue of his marital rights, or whether the right to it did not remain in the wife, so as to vest in her administrator. The Court held that it belonged to the administrator of the wife.
If Mr. Gray had paid the money to the Commissioner, had he such a legal right to it that he could have recovered it at law from .that officer ? Money in the hands of the Commissioner is in the hands of the Court itself. No action can be maintained against him in another tribunal, to deprive him of it. The comity of Courts forbids it. The application for the money must be to the tribunal in whose custody it is. This principle, the correctness and importance of w’hich will be at once perceived, was decided a few years ago in Charleston, in a case (I believe the style of it was Bowden v. Hutsell) carried up from a circuit decision of Chancellor Harper.
If, then, the money when paid in, still belonged to Mrs. Gray, and her husband could not obtain it but on application to this Court, the question is, what order would the Court have made on such application ?
Clancy says, “ If the wife’s fortune be within the reach of the Court,” “Equity will not suffer it to be removed out of its jurisdiction until an adequate provision be made for her, unless she has been already sufficiently provided for; or that, on her personal examination, she waives the benefit of this protection.” — (Clancy on Married Women, -* 188.) — The same author again and again speaks *of this doctrine *499 as “ a settled rule of our Courts of Equity,” and refers to numerous authoz'ities which fully sustain him.
So far does this doctrine extend, that although the wife’s trustee may, if he thinks fit, deliver her property to the husband ; yet if a bill be once filed, whereby this Court obtains a control, the trustee will no longer be at liberty to do so; and if he pay over any of her money after such suit begun, the Court will hold it a payment by wrong, and set it aside. (M’Caulay v. Phillips, 4 Ves. 18.)
The argument then, which maintains that the Court will approve the act of the Commissioner in paying the money to Mr. Gray, on the gi'ound that upon application it would have ordered him to pay it, seems to be unsupported by authority. The Court would never have so ordered, unless by the wife’s consent.
And when we consider that the Court would hold a payment made by a trustee after suit brought, to be wrongful for the want of the wife’s consent, or the ozxler of the tribunal: would it not be plainly absurd to suppose that when the Court is itself the trustee, it would depart from its own rule ; or that it would sanction that in its own officer which it would condeznn in every one else who happens to come under its control ?
The opinion of the Court upon the second exception is different.
It appears by the additional facts stated in the brief, that Mr. Gray did not only convert the assets, but that he wasted them, so as to bring himself within the rule in Spann v. Stewart.
If the notes or other securities which he took for the property which he sold as administrator, were forthcoming, or could be pointed out, I have the authority of all my brethren for saying that in such a case they would consider the wife’s right indubitable. But when he has wasted the assets, the majority of the Court is of opinion, this is sufficient evidence of a reduction to destroy his accountability as administrator.
The appeal on the fifth exception has been abandoned.
Let the circuit decree be reformed according to this opinion.
Chancellors Dr Sausstjrr and Harprr, concurred.